

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CV-16-247

| | |
|---|---|
| BARBARA MOORE AND BRUCE MOORE<br><br>APPELLANTS<br><br>V.<br><br>ALL SAINTS ANGLICAN CHURCH<br>APPELLEE | Opinion Delivered: November 16, 2016<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO. CV-2012-0149-6]<br><br>HONORABLE DAVID F. GUTHRIE, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**BART F. VIRDEN, Judge**

This is an appeal of an order for summary judgment in a quiet-title action. Appellants Barbara Moore and Bruce Moore (the Moores) purchased certain mineral interests at a tax sale, and several years after their purchase, they filed a lawsuit seeking to quiet title to these mineral interests. The ultimate result of that litigation was an order for summary judgment in favor of All Saints Anglican Church (All Saints)—a devisee of one of the previous landowners. Because we lack a final order, we do not reach the merits of the Moores' appeal of the order granting summary judgment.

## I.    *Background*

The procedural background in this case is somewhat complicated. This litigation involves two companion cases, CV-2012-0149-6 and CV-2012-335-2. The circuit court ultimately consolidated these cases into CV-2012-0149-6.

In June 2012, the Moores filed a petition to quiet title against George W. Warwick, Jr.,[1] and Robert W. Wakefield; the case was assigned case number CV-2012-149-6. In this lawsuit, the Moores alleged that Warwick and Wakefield were the record title owners of certain mineral interests until 1989 when, after failing to pay royalty taxes on the mineral interests, they forfeited them to the state of Arkansas. Thereafter, the Moores purchased the mineral interests at a tax sale held by the Arkansas State Land Commissioner. The Moores filed this lawsuit seeking an order to quiet title to the mineral interests.

In December 2012, the Moores filed a similar quiet-title action, and that case was assigned case number CV-2012-335-02. In this case, the Moores sued George W. Warwick, Jr., Mildred Wright Pitts, Beverly W. Diboll, Cora Bryan McRae, E.I. Newblock, and Lucille J. Rowen McNellie. Again, the Moores alleged that they were the legal owners of certain mineral interests based on their purchase of the mineral interests at a state tax sale.

In each of these lawsuits, the circuit court entered a default judgment. After the entry of the default judgments, the litigation became more difficult. To begin, Atlanta Exploration Company filed motions to intervene in both cases, and the circuit court granted its requests. Atlanta Exploration Company is the operator of wells that produce oil and gas and pays royalties on their production. Atlanta Exploration Company intervened to ensure that it had paid the rightful owners any oil and gas royalties. Another entity, F&G Investments, also filed a motion to intervene that was granted. In its complaint in

---

[1]Warwick and his devisee, All Saints, are the primary focus of this litigation.

intervention, F&G Investments alleged that it was an owner of certain mineral interests. Additionally, All Saints, the sole devisee of George W. Warwick, Jr., moved to be substituted for Warwick in both actions; this request was also granted.

Following the addition and substitution of these parties, Atlanta Exploration Company filed a motion to set aside the default judgments in both cases.[2] Notably, the motion does not specify the parties to which the default judgments should be set aside. It merely asks that the judgments be set aside. The circuit court granted the relief sought and set aside the default judgments. The orders setting aside the default judgments do not specify which, if any, parties are unaffected by this order.

Following the entry of the orders setting aside default judgments, these cases were consolidated into case number CV-2012-0149-6, and All Saints filed a motion for summary judgment. All Saints sought summary judgment based on Arkansas Code Annotated section 22-6-502(b) (Repl. 2004) and the theory of adverse possession. All Saints requested that it be found entitled to any funds held by Atlanta Exploration Company. The circuit court held a hearing on the motions and ultimately granted summary judgment in favor of All Saints on December 2, 2015. In that order, the circuit court found that All Saints was the rightful owner of all funds related to royalties on mineral interests that it owned. The order did not adjudicate the interests owned by other previously named defendants. The circuit court also held that All Saints' alternative basis for relief, adverse possession, was moot. The

---

[2]All Saints filed its own motion to set aside the default judgment in CV-2012-335-02 wherein it adopted the arguments of Atlanta Exploration Company.

 

order did not specifically address or dispose of the Moores' quiet-title action. Nor did it address the Moores' claims against all remaining parties. The Moores appealed.

## II.     *Jurisdiction*

For an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80. It is not enough to dismiss some of the parties; the order must cover all parties and all claims in order to be final and appealable. *Id*.

The order for summary judgment presents two jurisdictional issues that preclude our court from exercising jurisdiction. First, the order fails to dispose of the rights of all parties. Specifically, the order adjudicates only the claim of All Saints and does not address the rights of Robert W. Wakefield, Mildred Wright Pitts, Beverly W. Diboll, Cora Bryan McRae, E.I. Newblock, or Lucille J. Rowen McNellie. Additionally, the order fails to specifically address the Moores' original petitions to quiet title. For these reasons, we must dismiss the appeal without prejudice.

In the interest of judicial economy, we also take this opportunity to mention a briefing deficiency that must be cured if this case returns to our court. Our rules require that the addendum contain copies of the nontranscript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(8). The order granting summary judgment lists F&G Investments as an intervenor in this case and also references the rights and obligations of F&G Investments. Nowhere in the addendum are there any other



documents pertaining to F&G Investments.  The pleadings relating to F&G Investments are necessary to understand the case and must be included in any subsequent appeal.

Dismissed without prejudice.

GLOVER and WHITEAKER, JJ., agree.

*Crane, Butler & Phillips, P.A.*, by: *David F. Butler*, for appellants.

*Henry C. Kinslow*, for appellee.

